# United States Court of Appeals
## For the First Circuit

————————

No. 22-1627

KEVIN DELA KEMEH,

*Plaintiff-Appellant,*

*v.*

COMMONWEALTH OF MASSACHUSETTS, MASSACHUSETTS REGISTRY OF MOTOR
VEHICLES, AND MASSACHUSETTS DEPARTMENT OF TRANSPORTATION,

*Defendants-Appellees.*

————————

**DEFENDANTS-APPELLEES COMMONWEALTH OF
MASSACHUSETTS, MASSACHUSETTS REGISTRY OF MOTOR
VEHICLES, AND MASSACHUSETTS DEPARTMENT OF
TRANSPORTATION'S MOTION FOR SUMMARY DISPOSITION
PURSUANT TO LOCAL RULE 27.0(c)**

————————

Pursuant to Rule 27.0(c) of the Local Rules of the Court of Appeals for the

First Circuit, the defendants-appellees Commonwealth of Massachusetts,

Massachusetts Registry of Motor Vehicles ("RMV"), and Massachusetts

Department of Transportation (hereinafter, either the RMV or collectively the

"Commonwealth defendants") respectfully move this Court to summarily dispose

of this matter by affirming the district court judgment dismissing plaintiff Kevin Dela Kemeh's claims. Because "no substantial question is presented," Loc. R. 27.0(c), summary disposition is appropriate.

The claims in this case, and in two prior cases filed by Kemeh against the RMV, are that the Commonwealth defendants unlawfully required Kemeh to have a license or permit and to register his motor vehicle with the RMV. The judgment of dismissal should be affirmed for three independently sufficient reasons: (1) Kemeh's voluntary dismissal of his second action against the RMV operated as an adjudication on the merits with prejudice under Fed. R. Civ. P. 41(a)(1)(B), which consequently bars this third action; (2) the claims are barred by the Eleventh Amendment, as the Commonwealth defendants are not subject to suit under 42 U.S.C. § 1983; and (3) Kemeh's complaint fails to state a claim upon which relief can be granted.

## BACKGROUND

Kemeh's complaint purports to assert a claim against the Commonwealth defendants pursuant to 42 U.S.C. § 1983 for alleged civil rights violations.[1] Ex. 6 at 1-4. Kemeh alleges that his driver's permit with the Commonwealth is fraudulent because the "Massachusetts Registry of Motor Vehicles did not disclose

---

[1] The complaint does not state any factual allegations against the Commonwealth or the Massachusetts Department of Transportation.

the terms nor the 'conditions of the driver's permit contract to plaintiff.'" *Id.* at 2. "In the pursuit of happiness plaintiff does not wish for a driver's permit contract with the State." *Id.* Kemeh alleges he sent a "rescission of signature letter to the Massachusetts Registry of Motor Vehicles to rescind his fraudulent Driver's Permit contract," but "the Registry of Motor Vehicles did not rescind the driver's permit contract with Plaintiff." *Id.* Kemeh alleges that he was "forced to the obligations of the contract for over 8 months, depriving him of life and liberty." *Id.* at 3. Kemeh seeks $4,900,000 in damages from the Commonwealth. *Id.* The complaint is the third in a series of complaints that Kemeh has filed against the RMV relating to his operation of a vehicle in Massachusetts. Kemeh's first complaint against the RMV was filed on October 4, 2021. Ex. 1, *Kemeh v. Mass. Registry of Motor Vehicles*, No. 21-cv-40103-TSH (D. Mass.) ("*RMV I*") (Docket Entries); Ex. 2 (*RMV I* Compl.).

Kemeh alleged that his automobile was private property held in foreign trust and that he was not required to register the vehicle, asserting a cause of action under 18 U.S.C. § 1028. Ex. 2 at 1, 2.[2] Kemeh demanded $5,000,000 in damages and asked the district court to "instruct Defendant to rescind the fraudulent contract with Plaintiff and stop the use of the vehicle identification number [VIN] of a

---

[2] Citations are to the page number of the complaints filed by Kemeh because the complaints do not have numbered paragraphs.

private automobile." *Id*. at 3. The RMV moved to dismiss the complaint on November 4, 2021. Ex. 1 at Docket No. 6. Kemeh filed an opposition to the motion to dismiss, which was followed by a motion for summary judgment. *Id.* at Docket Nos. 9, 11. On December 27, 2021, prior to any action by the district court on the RMV's motion to dismiss or Kemeh's motion for summary judgment, Kemeh filed a voluntary dismissal of his claims. *Id.* at Docket No. 15.

One day later, on December 28, 2021, Kemeh filed a second action against the RMV asserting claims under 25 U.S.C. § 5330 and apparently under Article I, Section 10 of the U.S. Constitution. Ex. 3, *Kemeh v. Mass. Registry of Motor Vehicles*, No. 21-cv-40135-TSH (D. Mass.) ("*RMV II*") (Docket Entries), at Docket No.1; Ex. 4 (*RMV II* Compl.) at 1. Kemeh again claimed in *RMV II* that the driver's permit or license requirement is fraudulent, that his vehicle is held in a foreign trust, and that "the automobile cannot be registered with the State as it would violate Section 10 of the United Station Constitution." Ex. 4 at 2. The *RMV II* complaint alleged that the RMV "refused to rescind Kemeh's driver's permit contract" and did not "stop using the V.I.N. number of Kemeh's private automobile." *Id.* Kemeh sought $5,000,000 to resolve the case. *Id.* at 3. On March 11, 2022, Kemeh voluntarily dismissed the *RMV II* action, styled as without prejudice. Ex. 3 at Docket No. 15.

4

On March 11, 2022, the same day of the voluntary dismissal of the second action in *RMV II*, Kemeh filed his third complaint, now in the instant action. This third complaint makes the same claim based on the same allegations as in *RMV I* and *RMV II*, now asserting that the RMV's alleged actions constituted a violation of Kemeh's civil rights and seeking relief pursuant to 42 U.S.C. § 1983. Ex. 5, *Kemeh v. Mass. Registry of Motor Vehicles*, No. 22-cv-40022-TSH (Docket Entries), at Docket No. 1; Ex. 6 (Compl.) at 1. Before the Commonwealth defendants had the opportunity to respond to the Complaint, Kemeh filed a motion for summary judgment. Ex. 5 at Docket No. 5. The filing of the third complaint prompted the district court to issue an order on March 14, 2022 instructing Kemeh to file a brief establishing why the latest complaint should not be dismissed, with prejudice, for good cause, i.e., "for having filed multiple causes of action which are on their face frivolous and vexatious." *Id*. at Docket No. 7. Kemeh responded to the district court's order on March 25, 2022, stating, inter alia, that his third complaint asserted a cause of action under 42 U.S.C. § 1983, while the two prior actions asserted claims under 18 U.S.C. § 1028, 25 U.S.C. § 5330 and Article I, Section 10 of the United States Constitution. *Id.* at Docket No. 9.

The district court dismissed Kemeh's third complaint against the Commonwealth defendants pursuant to Fed. R. Civ. P. 56 on July 29, 2022. Ex. 5 at Docket No. 14; Ex. 7 (Mem. of Decision and Order). The district court denied

Kemeh's motion for summary judgment and independently entered summary judgment for the Commonwealth defendants dismissing plaintiff's complaint. Ex. 7 at 3-4; *see* Fed. R. Civ. P. 56(f). The district court concluded that "the factual assertions made against the RMV and the Commonwealth simply do not state any kind of legal claim for violation of constitutional rights or otherwise." *Id.* at 7. The district court further recognized that the Commonwealth and RMV are not "persons" subject to suit under § 1983 and are not subject to suit in federal court pursuant to the Eleventh Amendment. *Id.* at 7 n.3. It is the dismissal of this complaint that is the subject of this appeal.

## **ARGUMENT**

Under First Circuit Local Rule 27.0(c), this Court may summarily affirm the judgment below "if it shall clearly appear that no substantial question is presented." In his brief on appeal, Kemeh presents no substantial question to this Court relative to the dismissal of his claims against the Commonwealth defendants. Because the district court's allowance of the motion to dismiss was properly based on well-established law, and because Kemeh's brief fails to present any valid argument to the contrary, summary affirmance is appropriate.

**I.    The Judgment of Dismissal Should Be Affirmed Because the Claims Are Barred by Kemeh's Voluntary Dismissal of His Second Action Pursuant to Fed. R. Civ. P. 41(a)(1)(B).**

Because Kemeh's voluntary dismissal of his second action against the RMV was with prejudice, pursuant to Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure, and because dismissal with prejudice acts to bar the same claim in subsequent proceedings, Kemeh is precluded from bringing this third action and the district court's judgment of dismissal must be affirmed.

Federal Rule of Civil Procedure 41(a)(1) is known as the "two dismissal rule." 8 Moore's Federal Practice – Civil § 41.33 (2022). If a plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a second notice of dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1)(B). Accordingly, a plaintiff who has voluntarily dismissed the same suit twice against the same defendant is precluded from bringing an identical third suit. *See VS PR, LLC v. ORC Miramar Corp.*, 34 F.4th 67, 70 (1st Cir. 2022); *Evans v. Laborers' Dist. Council & Contractors Pension Fund of Ohio*, 602 F.App'x 608, 614-15 (6th Cir. 2015). The purpose of this rule is to shield defendants—like the Commonwealth defendants in this case—and courts from the harassment, delays and costs that identical lawsuits inevitably create. *Medina v. Chase Manhattan Bank, N.A.*, 737 F.2d 140, 143 (1st Cir. 1984).

Here, all three complaints asserted the same claim. All three claimed that the RMV had unlawfully imposed licensing, permitting and vehicle registration requirements on Kemeh in order for him to operate a vehicle in Massachusetts. *See*

*supra* at 3-5. Indeed, the complaints in both *RMV I* and *RMV II* allege the same underlying facts upon which Kemeh asserts his claims. *Compare* Ex. 2 *with* Ex. 4. Furthermore, each of Kemeh's cases were filed against the same party—the RMV. Although Kemeh added the "State of Massachusetts" and the "Department of Transportation" as defendants to this action, the Massachusetts Department of Transportation is an executive office of the Commonwealth pursuant to M.G.L. c. 6C, § 2(a), and the Massachusetts Registry of Motor Vehicles falls within the Massachusetts Department of Transportation pursuant to M.G.L. c. 6C, § 56. In any event, Kemeh asserts no factual allegations against either of the Massachusetts Department of Transportation or the Commonwealth beyond those alleged against the RMV. *See* Ex. 6 at 1-4.

When Kemeh voluntarily dismissed *RMV I*, his subsequent voluntary dismissal of *RMV II*, *see supra* at 4, operated as an adjudication on the merits with prejudice, as required by Federal Rule of Procedure 41(a)(1)(B). A dismissal with prejudice bars a plaintiff from subsequently raising the same claim because of the principles of *res judicata*. *See Barreto-Rosa v. Varona-Mendez*, 470 F.3d 42, 47 (1st Cir. 2006) (dismissal with prejudice bars the same claims because of *res judicata*); *Cooper v. Principi*, 71 F. App'x 73, 75 (1st Cir. 2003) (applying *res judicata* principles); *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998) (addressing dismissal with prejudice and *res judicata*); *Porn v. National Grange*

*Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir.1996) (applying *res judicata* principles); 9

Fed. Prac. & Proc. Civ. § 2368 (4th ed.). Here, because Kemeh's third action

against the Commonwealth defendants asserts the same claims based on the same

underlying factual allegations as those asserted in *RMV II*, and because *RMV II*

was dismissed with prejudice after the filing and voluntary dismissal of *RMV I*—

Kemeh's claims are barred by Rule 41(a)(1)(B) and *res judicata*. This is true even

though Kemeh purported to style his second dismissal, in *RMV II*, as being without

prejudice. *See supra* at 4; *Bolivar v. Pocklington*, 975 F.2d 28, 30 n.5, 31 (1st Cir.

1992); *Robert Shaw-Fulton Controls Co. v. Noma Electric Corporation*, 10 F.R.D.

32, 34 (1950); 9 Fed. Prac. & Proc. Civ. § 2368 (4th ed.).

    Although the district court decision dismissing Kemeh's claims did not rely

on Rule 41(a)(1)(B), this Court is permitted to affirm a judgment of dismissal on

any ground made manifest by the record. *Saccoccia v. United States*, 955 F.3d 171,

174 (1st Cir. 2020), *cert. denied*, 141 S. Ct. 1127 (2021) (finding that the Court

"may affirm the decision below on any ground made manifest by the record")

(quoting *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 3, 5 (1st Cir. 2007)).

This Court may take judicial notice of Kemeh's prior proceedings in the district

court, *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990), which were also cited

by the district court in its decision dismissing Kemeh's claims. Ex. 7 at 4. *See also*

Ex. 1 at Docket No. 15; Ex. 3 at Docket No. 15. Therefore, the judgment can and

should be affirmed on the grounds that the claims are barred by Rule 41(a)(1)(B) and *res judicata*.

## II.     The Eleventh Amendment Bars the Claims and Provides an Independent Basis for Affirming the Judgment of Dismissal.

The district court's judgment can also be affirmed for the independently sufficient reason that the Commonwealth defendants have sovereign immunity from Kemeh's 42 U.S.C. § 1983 claim, protected by the Eleventh Amendment.

The district court correctly recognized that neither states nor their agencies are "subject to suit in federal court pursuant to the Eleventh Amendment," and that such claims are barred by sovereign immunity. Ex. 7 at 7 n.3. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985). The protection applies to "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," and regardless of the nature of the relief sought. *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *see also O'Neill v. Baker*, 210 F.3d 41, 47 (1st Cir. 2000) (holding that plaintiff's claims for both monetary and injunctive relief against state agency are barred by Eleventh Amendment).

The Commonwealth has not waived that immunity and Congress has not abrogated it for claims brought pursuant to § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (1989). The Commonwealth and its agencies are not "persons" within the meaning of the statute. *See id*. at 71 (holding "that neither a

State nor its officials acting in their official capacities are 'persons' under

§ 1983"); *Destek Group, Inc. v. N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 40 (1st Cir.

2003) ("It is well settled . . . that neither a state agency nor a state official acting in

his official capacity may be sued for damages in a § 1983 action."). The district

court properly recognized that the Commonwealth defendants were not "persons"

within the meaning of 42 U.S.C. § 1983 and cannot be found liable for alleged

civil rights violations pursuant to that statute. *See* Ex. 7 at 7 n.3.

Therefore, the district court properly dismissed Kemeh's complaint as barred

by the Eleventh Amendment.

## III.  The Judgment Can Also Be Affirmed Because Kemeh Failed to Allege Facts Supporting Viable Legal Claims Against the Commonwealth Defendants.

In addition to the fact that Kemeh's claims are barred by Rule 41(a)(1)(B)

and the Eleventh Amendment, this Court can also affirm the district court's

judgment on the ground that Kemeh failed to allege facts sufficient to state a claim

for relief against the Commonwealth defendants.

Kemeh claims that his driver's permit or license constitutes a contract with

RMV and is fraudulent, but such a claim is implausible. As the district court

explained, Massachusetts law requires all drivers, including Kemeh, to have a

permit or license to drive a private, noncommercial vehicle. *See* Ex. 7 at 7; M.G.L.

c. 90, § 10 (stating "[n]o other person shall so operate unless licensed by the

registrar . . . unless he possesses a valid learner's permit issued under section eight B"). Continued possession of this privilege is conditioned on compliance with the Legislature's comprehensive statutory scheme. *Luk v. Massachusetts*, 658 N.E.2d 664, 669-70 (Mass. 1995). Kemeh does not allege any exception to this statutory requirement that is applicable to him. To the extent Kemeh intends to challenge the statutory scheme itself, he has alleged no facts that would form a basis for such a challenge.

Kemeh also claims that the RMV's use of his vehicle identification number (VIN) is unlawful. The district court correctly stated that private motor vehicles in Massachusetts are required by state law to have a VIN. *See* Ex. 7 at 7. Under M.G.L. c. 90, § 7(R), a VIN is required for all registered vehicles, while c. 90, §§ 2-5 mandate vehicle registration. *See id.* Kemeh has alleged no facts that would support an assertion that the application of that statutory requirement to Kemeh is unconstitutional, or that the statutory requirement itself is unconstitutional. *See* Ex. 6 at 1-3.

## <u>CONCLUSION</u>

For the foregoing reasons, the district court's judgment should be affirmed.

Respectfully Submitted,

Defendants-Appellees,
COMMONWEALTH OF
MASSACHUSETTS, MASSACHUSETTS
REGISTRY OF MOTOR VEHICLES,
MASSACHUSETTS DEPARTMENT OF
TRANSPORTATION

By their Attorneys

MAURA HEALEY
ATTORNEY GENERAL


*/s/ Mark P. Sutliff*
Mark P. Sutliff, BBO#544308
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 727-2200, Ext. 2576
Mark.Sutliff@mass.gov

Date: October 24, 2022

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and copies will be sent by first-class mail to individuals indicated as non-registered participants (if any) on October 24, 2022.

*/s/ Mark P. Sutliff*
Mark P. Sutliff
Assistant Attorney General

Exhibit 1

Query    Reports    Utilities    Help    Log Out

CLOSED

# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:21-cv-40103-TSH

Kemeh v. Massachusetts Registry of Motor Vehicles
Assigned to: District Judge Timothy S. Hillman
Demand: $5,000,000
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 10/04/2021
Date Terminated: 12/27/2021
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Kevin Dela Kemeh**                          represented by   **Kevin Dela Kemeh**
48 Bellvista Road
Worcester, MA 01602
774-437-8178
PRO SE

V.

**Defendant**

**Massachusetts Registry of Motor Vehicles**   represented by   **Mark P. Sutliff**
Attorney General's Office
One Ashburton Place
Room 1813
Boston, MA 02108
617-727-2200 x 2576
Fax: 617-727-3076
Email: Mark.Sutliff@state.ma.us
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2021 | 1 | COMPLAINT against Massachusetts Registry of Motor Vehicles, filed by Kevin Dela Kemeh. (Attachments: # 1 civil cover and category sheet)(Jones, Sherry) (Entered: 10/04/2021) |
| 10/04/2021 | 2 | ELECTRONIC NOTICE of Case Assignment. District Judge Timothy S. Hillman assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge David H. Hennessy. (Finn, Mary) (Entered: 10/04/2021) |
| 10/04/2021 | 3 | Summons Issued at the counter as to Massachusetts Registry of Motor Vehicles(Jones, Sherry) (Entered: 10/04/2021) |
| 10/14/2021 | 4 | Filing fee/payment: $ 402.00, receipt number 1BST086853 for 1 Complaint (Phillips, Sophie) (Entered: 10/14/2021) |
| 10/19/2021 | 5 | PROOF OF SERVICE Executed by Kevin Dela Kemeh. Massachusetts Registry of Motor |

| | | Vehicles served on 10/6/2021, answer due 10/27/2021. (Burgos, Sandra) (Entered: 10/20/2021) |
|---|---|---|
| 11/04/2021 | 6 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Massachusetts Registry of Motor Vehicles.(Sutliff, Mark) (Entered: 11/04/2021) |
| 11/04/2021 | 7 | MEMORANDUM in Support re 6 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Massachusetts Registry of Motor Vehicles. (Sutliff, Mark) (Entered: 11/04/2021) |
| 11/04/2021 | 8 | NOTICE of Appearance by Mark P. Sutliff on behalf of Massachusetts Registry of Motor Vehicles (Sutliff, Mark) (Entered: 11/04/2021) |
| 11/22/2021 | 9 | AFFIDAVIT of Kemeh Kevin Dela in Opposition re 6 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Kevin Dela Kemeh. (Attachments: # 1 Exhibit) (Jones, Sherry) (Entered: 11/22/2021) |
| 11/22/2021 | 10 | Mandatory Judicial NOTICE by Kevin Dela Kemeh. (Jones, Sherry) (Entered: 11/22/2021) |
| 12/08/2021 | 11 | MOTION for Summary Judgment by Kevin Dela Kemeh.(Castles, Martin) (Entered: 12/08/2021) |
| 12/08/2021 | 12 | AFFIDAVIT of Kevin Dela Kemeh in Support re 11 MOTION for Summary Judgment filed by Kevin Dela Kemeh. (Castles, Martin) (Entered: 12/08/2021) |
| 12/08/2021 | 13 | CERTIFICATE OF SERVICE by Kevin Dela Kemeh re 12 Affidavit in Support of Motion, 11 MOTION for Summary Judgment. (Castles, Martin) (Entered: 12/08/2021) |
| 12/08/2021 | 14 | Proposed Document(s) submitted by Kevin Dela Kemeh. Document received: Demand for Final Judgment and an Order to Grant Relief. (Castles, Martin) (Entered: 12/08/2021) |
| 12/27/2021 | 15 | Praecipe To Close (voluntary dismissal without prejudice) by Kevin Dela Kemeh. (Alba, Robert) (Entered: 12/27/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/03/2022 14:20:04 | | |
| **PACER Login:** | AGOPacer17 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:21-cv-40103-TSH |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Exhibit 2

# UNITED STATES DISTRICT DISTRICT COURT

for the
District of Massachusetts
Worcester Division

Kemeh, Kevin Dela

    **Plaintiff**,

vs.

**MASSACHUSETTS REGISTRY OF MOTOR VEHICLES**

    **Defendants**,

Case No. 21CV-40103-TSH

**Jury Trial: NO**

## Jurisdiction;Federal Question

1.) 18 U.S. Code § 1028 - Fraud and related activity in connection with identification documents, authentication features, and information

## Venue

2.) Kemeh, Kevin Dela, **one of the people of Massachusetts, state**, Sui Juris De Jure

    **Property located in Massachusetts, State.**

    MASSACHUSETTS REGISTRY OF MOTOR VEHICLES, **located in Massachusetts, State**.

## Parties

**Plaintiff** (**Kemeh, Kevin Dela**) inhabits the land of Massachusetts;
                         **In care of**: 48 Bellvista Road
                         Worcester, Massachusetts 01602
                         **Contact**: 774-437-8178
                         **Email**: kevindelakem@gmail.com

**Foreign National**

1

**Defendants: MASSACHUSETTS REGISTRY OF MOTOR VEHICLES**

**Address:** Registry of Motor Vehicles
PO Box 55889, Boston, MA 02205

## Declarations (Statement of Facts)

Plaintiff has a contract with the MASSACHUSETTS REGISTRY OF MOTOR VEHICLES for a Drivers Permit/License. The contract has been present for about a year and a half now.

Plaintiff realized his contract with MASSACHUSETTS REGISTRY OF MOTOR VEHICLES is **FRAUDULENT.**

Plaintiff **BEARS** the **"CERTIFICATE OF TITLE"** of an automobile. The automobile is **NOT REGISTERED** with the State of Massahcuetts, therefore, Plaintiff **HOLDS THE HIGHEST CLAIM TO THE AUTOMOBILE**.

Plaintiff's automobile is **HELD IN A FOREIGN TRUST.** Plaintiff's automobile is **PRIVATE PROPERTY** with **NO INTEREST**, therefore, it **CANNOT BE REGISTERED** with the state.

Plaintiff sent a rescission of signature letter to the MASSACHUSETTS REGISTRY OF MOTOR VEHICLES with USPS to **RESCIND HIS FRAUDULENT CONTRACT** with the MASSACHUSETTS REGISTRY OF MOTOR VEHICLES **AND STOP THEM FROM USING THE VEHICLE IDENTIFICATION NUMBER HIS PRIVATE AUTOMOBILE**.

Plaintiff **RECEIVED THE SIGNATURE RETURN RECEIPT** from MASSACHUSETTS REGISTRY OF MOTOR VEHICLES; **CONFIRMING** they received the letter from Plaintiff.

Despite having received the letter from Plaintiff, the MASSACHUSETTS REGISTRY OF MOTOR VEHICLES did not rescind the contract with Plaintiff or stop using the V.I.N. number of his private automobile.

Plaintiff assumed the letter might have been lost administratively. He found it hard to believe considering they **SIGNED THE SIGNATURE RETURN RECEIPT UPON RECEIVING THE LETTER**.

Plaintiff **SENT ANOTHER LETTER** to the MASSACHUSETTS REGISTRY OF MOTOR VEHICLES.

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES also **RECEIVED THE SECOND LETTER**. They still **REFUSED** to **RESCIND THE FRAUDULENT CONTRACT** and stop the use of **THE VEHICLE IDENTIFICATION NUMBER OF A PRIVATE AUTOMOBILE**.

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES failed to rescind a fraudulent contract upon request and kept using the **VEHICLE IDENTIFICATION NUMBER OF A PRIVATE AUTOMOBILE.**

**Defendant is**:

 *Impeding a foreign trust

 *Unlawfully using the vehicle identification number of a private automobile with no interest.

 *Unlawfully holding Plaintiff in a fraudulent contract

 (failure to rescind a fraudulent contract upon demand)

## Request for Relief

Plaintiff requests $5,000,000 in damages and asks the court to instruct Defendant to rescind the fraudulent contract with Plaintiff and stop the use of the vehicle identification number of a private automobile.

*Seal*

Respectfully,
*Kemeh, Kevin Dela*

10/4/2021   EXECUTOR

Notary as JURAT CERTIFICATE

Massachusetts [State] }
Worcester [County] }

On this 4th day of October, 20 21 before me,

Notary Public- State of Massachusetts

Kevin Kemeh _____ who proved to me based on-satisfactory evidence to be the man whose name is subscribed to the within instrument and verified to me that he executed the same as man, one of the people of Massachusetts, state, Sui Juris De jure, stated in document and by rightful claim of possession above all others in society and that by his autograph(s) on the instrument the man executed, the instrument and all claims and rights asserted or not by the man stands as truth and EVIDENCE forevermore.

I verify under PENALTY OF PERJURY under the lawful laws of Massachusetts, State, that all the paragraphs on this document is true and correct. WITNESS my autograph and seal

*Notary Seal*

Signature of Notary/Jurat



Alan T Ebireri
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES
July 11, 2025

3

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kemeh, Kevin Dela

## DEFENDANTS

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES

**(b)** County of Residence of First Listed Plaintiff    U.S.A.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    U.S.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine Liability / ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☑ 190 Other Contract | ☐ 360 Other Personal / ☐ 371 Truth in Lending Product Liability | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 380 Other Personal Injury Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
using the V.I.N of a private automobile; impeding a foreign trust, etc

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$ 5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
10/4/2021

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Kemch, Kevin Dela v. Massachusetts Registry of Motor Vehicles**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓] II.   110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   III.  120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [  ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

   YES [  ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [  ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [✓]   NO [  ]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]   NO [  ]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [  ]       Central Division [  ]       Western Division [  ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [  ]       Central Division [  ]       Western Division [  ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [  ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S OR PRO SE'S NAME **Kemch, Kevin Ogla**
ADDRESS **c/o 48 Bellvista Road, Worcester, Massachusetts 01602**
TELEPHONE NO. **774-437-8178**
EMAIL ADDRESS **Kevindelakem@gmail.com**

(CategoryForm6-2021.wpd )

Exhibit 3

Query    Reports    Utilities    Help    Log Out

CLOSED

# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: 4:21-cv-40135-TSH

Kemeh v. Massachusetts Registry of Motor Vehicles
Assigned to: District Judge Timothy S. Hillman
Demand: $5,000,000
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 12/28/2021
Date Terminated: 03/11/2022
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**Kevin Dela Kemeh**                     represented by    **Kevin Dela Kemeh**
                                                           P.O. Box 20649
                                                           Worcester, MA 01602
                                                           PRO SE

V.

**Defendant**

**Massachusetts Registry of Motor Vehicles**    represented by    **Mark P. Sutliff**
                                                                  Attorney General's Office
                                                                  One Ashburton Place
                                                                  Room 1813
                                                                  Boston, MA 02108
                                                                  617-727-2200 x 2576
                                                                  Fax: 617-727-3076
                                                                  Email: Mark.Sutliff@state.ma.us
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2021 | 1 | COMPLAINT against All Defendants, filed by Kevin Dela Kemeh. (Attachments: # 1 Civil Cover Sheet, # 2 Local Category Sheet, # 3 Summons)(Burgos, Sandra) (Entered: 12/28/2021) |
| 12/28/2021 | 2 | ELECTRONIC NOTICE of Case Assignment. District Judge Timothy S. Hillman assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge David H. Hennessy. (Finn, Mary) (Entered: 12/28/2021) |
| 12/28/2021 | 3 | Summons Issued as to Massachusetts Registry of Motor Vehicles. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Burgos, Sandra) (Entered: 12/28/2021) |
| 01/03/2022 | 4 | MOTION for Summary Judgment by Kevin Dela Kemeh.(Jones, Sherry) (Entered: |

| | | 01/03/2022) |
|---|---|---|
| 01/03/2022 | 5 | AFFIDAVIT of Kevin Dela Kemeh in Support re 4 MOTION for Summary Judgment filed by Kevin Dela Kemeh. (Attachments: # 1 Exhibit)(Jones, Sherry) (Entered: 01/03/2022) |
| 01/11/2022 | 6 | Proof of Service of Complaint and Summary Judgment by Kevin Dela Kemeh. Massachusetts Registry of Motor Vehicles served on 12/29/2021, answer due 1/19/2022. (Burgos, Sandra) (Entered: 01/11/2022) |
| 01/11/2022 | 7 | Filing fee/payment: $ 402.00, receipt number 1BST087920 for 1 Complaint (Phillips, Sophie) (Entered: 01/11/2022) |
| 01/28/2022 | 8 | MOTION to Dismiss ( Responses due by 2/11/2022) by Massachusetts Registry of Motor Vehicles. (Attachments: # 1 Memorandum, # 2 Motion to Stay)(Sutliff, Mark) Modified on 1/31/2022 (Burgos, Sandra). (Entered: 01/28/2022) |
| 01/31/2022 | 9 | MEMORANDUM in Support re 8 MOTION to Dismiss MOTION to Stay filed by Massachusetts Registry of Motor Vehicles. (Sutliff, Mark) (Entered: 01/31/2022) |
| 01/31/2022 | 10 | MOTION to Stay by Massachusetts Registry of Motor Vehicles.(Sutliff, Mark) (Entered: 01/31/2022) |
| 01/31/2022 | 11 | Opposition re 8 MOTION to Dismiss filed by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 01/31/2022) |
| 02/14/2022 | 12 | Judicial Notice to Judge by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 02/14/2022) |
| 03/01/2022 | 13 | Demand for Summary Judgment with Affidavit of Support E by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 03/01/2022) |
| 03/01/2022 | 14 | AFFIDAVIT in Support re 4 MOTION for Summary Judgment. (Burgos, Sandra) (Entered: 03/01/2022) |
| 03/11/2022 | 15 | Praecipe to Close by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 03/11/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/03/2022 14:20:27 | | |
| **PACER Login:** | AGOPacer17 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:21-cv-40135-TSH |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Exhibit 4

FILED IN CLERKS OFFICE
DEC 28 '21 AM9:43 USDC MA

**In This Court Of Record At The United States District Court District of Massachusetts**

Kemeh, Kevin Dela

    Plaintiff,

vs.

**MASSACHUSETTS REGISTRY OF MOTOR VEHICLES**

    Defendants

**Case Number;**

**Trial by Jury is Demanded**

## AFFIDAVIT COMPLAINT

**NOTICE TO CLERK;** United States and Massachusetts constitution guarantees a right to trial by jury; **This case is to be set for a hearing,** please and thank you!

**NOTICE TO THIS COURT.** The United States constitution, the laws of the United States and its treaties is the supreme law of the land and must be respected at all times. Bar grievances and conduct;criminal complaints may apply to **violaters** of the supreme law of the land.

**PLAINTIFF BRINGS HIS OWN COURT OF RECORD TO THIS COURT IN ACCORDANCE WITH THE COMMON LAW FOR A TRIAL BY JURY.**

**Jurisdiction;** Federal Question: 25 U.S. Code § 5330 - Rescission of contract
                Constitutional tort: Section 10 of the United States Constitution

**Venue;** Kemeh, Kevin Dela, one of the people of Massachusetts, state.
        Property located in Massachusetts, State.
        Massachusetts Registry Of Motor Vehicles, located in Massachusetts, state.

**Plaintiff;** Kemeh, Kevin Dela, one of the people of Massachusetts, state.
        **Address:** PO BOX 20649, Worcester MA, 01602
        **Contact:** 774-437-8178
        **Email:** kevindelakem@gmail.com

Plaintiff is not a United States Citizen; Foreign National

**Defendant**: MASSACHUSETTS REGISTRY OF MOTOR VEHICLES
**Address**: Registry of Motor Vehicles
      PO Box 55889, Boston, MA 02205

### Statement Of Facts By Affidavit

Plaintiff has a [contract] with the MASSACHUSETTS REGISTRY OF MOTOR VEHICLES for a
Driver's Permit. The [contract] has been present for about a year and a half now. The purpose of
Driver's Permit/License is to operate a vehicle in commerce, **but plaintiff did not know this
when signing the Driver's Permit contract,** as such the contract is fraudulent. Plaintiff now
wants to rescind the Driver's Permit/License contract.

Plaintiff is a trustee of an automobile, VIN number 1NXBR32E68Z949366. Plaintiff bears the
"Certificate Of Title" to the automobile. **The automobile is held in a foreign private express
trust; Dela Industries:Foreign EIN 98-1604593.The automobile cannot be registered with
the State as it would violate Section 10 of the United States constitution. MA RMV cannot
use the V.I.N of plaintiff's automobile without his consent nor can they compel him to
register the automobile.**

Plaintiff sent a rescission of signature letter to the MASSACHUSETTS REGISTRY OF MOTOR
VEHICLES to rescind his fraudulent Driver's Permit/License contract. The letter also instructed
MA RMV to stop using the vehicle identification number of plaintiff's private automobile.

Plaintiff received the signature return receipt from Massachusetts Registry of Motor Vehicles,
confirming they received the letter from plaintiff. Despite having received the letter from Plaintiff,
Massachusetts Registry Of Motor Vehicles did not rescind the driver's permit contract with
Plaintiff nor did they stop using the V.I.N. number of plaintiff's private automobile.

Plaintiff assumed the letter might have been lost administratively. He found it hard to believe
considering they signed the signature return receipt upon receiving the letter.

Plaintiff sent another letter to Massachusetts Registry Of Motor Vehicles. MA RMV also received
the second letter from plaintiff.They still refused to rescind the fraudulent Driver's Permit/License
contract and stop using the vehicle identification number of plaintiff's private automobile.

## SETTLEMENT

For holding plaintiff in an unconscionable contract and impeding a foreign private trust (United States Constitution section 10 violation), plaintiff demands $5,000,000 to settle the matter.

## VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that this document is true and correct. Executed: Worcester, Massachusetts on 12/26/2021

Autograph; _Kml/lu_

Kemeh, Kevin Dela

## Notary as JURAT CERTIFICATE

_____MA_____ [State] }

_____Worcester_____ [County] }

On this __26__ day of ___12___, 20 __21__ before me,

Notary Public- State of Massachusetts

_Kevin Dela Kemeh_ who proved to me based on-satisfactory evidence to be the man whose name is subscribed to the within instrument and verified to me that he executed the same as man, one of the people of Massachusetts, state, Sui Juris De jure, stated in document and by rightful claim of possession above all others in society and that by his autograph(s) on the instrument the man executed, the instrument and all claims and rights asserted or not by the man stands as truth and EVIDENCE forevermore.

I verify under PENALTY OF PERJURY under the lawful laws of Massachusetts, State, that all the paragraphs on this document is true and correct. WITNESS my autograph

_Magn/k_

Signature of Jurat

Notary Stamp

MAYANK GUPTA
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 23, 2028

**EXHIBIT A; JUDICIAL NOTICE TO DEFENDANTS AND THE COURT**

**1.) Despite fraud Plaintiff can withdraw from the Massachusetts Driver's Permit contract anytime he chooses.**

"Fraud destroys the validity of every thing into which it enters. It affects fatally even the most solemn judgments and decrees". Plaintiff's contract with Massachusetts RMV for a Driver's Permit is fraudulent, the contract is null and void, it must be rescinded.

**| Nudd v. Burrows (1875), 91 US 426, 23 Led 286. |**

Despite fraud Plaintiff is not bound to the Drivers permit contract without his consent. Plaintiff can withdraw from the contract, at his will, anytime he chooses. "Every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellow man without his consent". By common law;common sense law if plaintiff does not want a Massachusetts Driver's Permit contract he cannot be forced to have one, it is that simple!

**| CRUDEN v. NEALE. 2 N.C. 338 ( 1796) 2 S.E. 70 |**

**2.) Massachusetts RMV using the vehicle identification number of Plaintiff's private automobile is unconstitutional.**

**United States Constitution Section 10:** "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law **impairing the Obligation of Contracts**, or grant any Title of Nobility" Plaintiff's automobile is held in a foreign private trust:Dela Industries:Foreign EIN 98-1604593. Massachusetts Registry of Motor Vehicle is impeding plaintiff's foregin private express trust, **United States Constitution Section 10 Violation.** As such, the State, Massachusetts Registry of Motor Vehicles **loses** sovereign immunity and the Eleventh Amendment protection!

Defendant;Massachusetts RMV shall be held liable to all claims and damages.

I verify under the penalty of perjury this document is true: Kemeh,Kevin Dela
Date: 12/26/2021                                                                    Kemeh

In This Court Of Record At The United States District Court District of Massachusetts; Exhibit A

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kemeh, Kevin Dela

**DEFENDANTS**
MASSACHUSETTS REGISTRY OF MOTOR VEHICLES

**(b)** County of Residence of First Listed Plaintiff ___U.S.A.___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ___U.S.A.___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☒ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Constitutional tort: U.S. constitution section 10 violation. Rescission of contract!

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $ 5,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE  12/26/2021     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** Kemeh, Kevin Dela vs. Massachusetts Registry of Motor Vehicles

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

   ☐ **I.** 160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ **II.** 110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   ☐ **III.** 120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
   **\*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.**

3. **Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

   21-cv-40103-TSH

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES ☑    NO ☐

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

   YES ☐    NO ☑

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

   YES ☐    NO ☑

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES ☑    NO ☐    .

7. **Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   YES ☑    NO ☐

   **A.** **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division ☐      Central Division ☑      Western Division ☐

   **B.** **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division ☐      Central Division ☐      Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**

   YES ☐    NO ☑

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S OR PRO SE'S NAME** Kevin Dela Kemeh
**ADDRESS** PO BOX 20649, Worcester MA, 01602
**TELEPHONE NO.** 774-437-8178
**EMAIL ADDRESS** kevindelakem@gmail.com

**(CategoryForm6-2021.wpd )**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Massachusetts ☑

|  | ) |  |
|---|---|---|
| **Kemeh, Kevin Dela** | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| **MASSACHUSETTS REGISTRY OF MOTOR VEHICLES** | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Massachusetts Registry of Motor Vehicles

Address: Registry of Motor Vehicles
PO Box 55889, Boston, MA 02205

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kevin Dela Kemeh

Address: PO BOX 20649, Worcester MA, 01602

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 12/28/2021

_Signature of Clerk or Deputy Clerk_

Exhibit 5

Query    Reports    Utilities    Help    Log Out

<span style="color:green">APPEAL</span>

# United States District Court
# District of Massachusetts (Worcester)
# CIVIL DOCKET FOR CASE #: 4:22-cv-40022-TSH

Kemeh v. State of Massachusetts et al                    Date Filed: 03/11/2022
Assigned to: District Judge Timothy S. Hillman          Date Terminated: 07/29/2022
Demand: $4,900,000                                      Jury Demand: None
Case in other court:  USCA - First Circuit, 22-01627    Nature of Suit: 440 Civil Rights: Other
Cause: 28:1983 Civil Rights                             Jurisdiction: Federal Question

**Plaintiff**

**Kevin Dela Kemeh**                    represented by   **Kevin Dela Kemeh**
                                                        P.O. Box 20649
                                                        Worcester, MA 01602
                                                        774-437-8178
                                                        PRO SE

V.

**Defendant**

**State of Massachusetts**

**Defendant**

**Massachusetts Registry of Motor Vehicles**

**Defendant**

**Massachusetts Department of
Transporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2022 | 1 | COMPLAINT against All Defendants, filed by Kevin Dela Kemeh. (Attachments: # 1 Exhibit A, # 2 Notice of Claim to Defendant's Attorney, # 3 Civil Cover Sheet and Category Sheet)(Burgos, Sandra) (Entered: 03/11/2022) |
| 03/11/2022 | 2 | ELECTRONIC NOTICE of Case Assignment. District Judge Timothy S. Hillman assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge David H. Hennessy. (Finn, Mary) (Entered: 03/11/2022) |
| 03/11/2022 | 3 | Summons Issued as to All Defendants. **<span style="color:red">Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.</span>** (Burgos, Sandra) (Entered: 03/11/2022) |
| 03/11/2022 | 4 | MOTION for Leave to file electronically Pro Se by Kevin Dela Kemeh.(Burgos, Sandra) |

| | | (Entered: 03/11/2022) |
|---|---|---|
| 03/14/2022 | 5 | MOTION for Summary Judgment by Kevin Dela Kemeh.(Burgos, Sandra) (Entered: 03/14/2022) |
| 03/14/2022 | 6 | AFFIDAVIT of Involuntary Servitude by Massachusetts by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 03/14/2022) |
| 03/14/2022 | 7 | District Judge Timothy S. Hillman: ELECTRONIC ORDER entered. Plaintiff, Kevin Dela Kemeh, has filed his third complaint against these Defendants, having previously voluntarily dismissed the prior complaints without prejudice. Prior to voluntarily dismissing those prior cases, Kemeh had prematurely filed motions for summary judgment. Contemporaneously with the filing of this new complaint, Kemeh has again prematurely filed a motion for summary judgment. The Court has reviewed Kemeh's various pleadings and other filings in support of his various causes of action and finds that on their face, the complaints, including the instant complaint, appear to be frivolous and vexatious.Accordingly, Mr. Kemeh shall have until April 15, 2022 to file a brief with the Court establishing why this latest complaint should not be dismissed, with prejudice, for good cause, i.e., for having filed multiple causes of action which are on their face frivolous and vexatious. See Cok v. Fam. Ct. of R.I., 985 F.2d 32, 34 (1st Cir.1993) ("Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants."). Defendants, once properly served, need not file an answer, other responsive pleading, or opposition to the motion for summary judgment until the Court has ruled on whether Plaintiff's complaint should be dismissed for good cause. They may file a response to Mr. Kemeh's brief within 10 days of the same having been filed with the Court.(Castles, Martin) (Entered: 03/14/2022) |
| 03/22/2022 | 8 | Filing fee/payment: $ 402.00, receipt number 1BST088863 for 1 Complaint (Barbosa, Nilsa) (Entered: 03/22/2022) |
| 03/25/2022 | 9 | RESPONSE TO COURT ORDER by Kevin Dela Kemeh re 7 Order,,,,,,,. (Attachments: # 1 Certificate of Service by Affidavit)(Burgos, Sandra) (Entered: 03/28/2022) |
| 04/07/2022 | 10 | Request for a Decision by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 04/07/2022) |
| 05/18/2022 | 11 | Demand for Decision by Kevin Dela Kemeh. (Burgos, Sandra) (Entered: 05/18/2022) |
| 07/29/2022 | 12 | District Judge Timothy S. Hillman: MEMORANDUM OF DECISION AND ORDER entered denying 5 Motion for Summary Judgment. On the record before me, even assuming the facts in favor of Kemeh, his motion for summary judgment must be denied and because there is no genuine issue of material fact and it is clear as a matter of law that he has no legal claims against any Defendants, summary judgment shall enter for the Defendants in this case. (Castles, Martin) (Entered: 07/29/2022) |
| 07/29/2022 | 13 | District Judge Timothy S. Hillman: ELECTRONIC ORDER entered denying as moot 4 Motion for leave to electronically file Pro Se. (Castles, Martin) (Entered: 07/29/2022) |
| 07/29/2022 | 14 | District Judge Timothy S. Hillman: ORDER entered. JUDGMENT in favor of the defendants. (Castles, Martin) (Main Document 14 replaced on 7/29/2022) (Castles, Martin). (Entered: 07/29/2022) |
| 08/09/2022 | 15 | NOTICE OF APPEAL as to 12 MEMORANDUM OF DECISION AND ORDER entered denying 5 Motion for Summary Judgment, by Kevin Dela Kemeh. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF |

| | | **Information section at http://www.ca1.uscourts.gov/cmecf.** US District Court Clerk to deliver official record to Court of Appeals by 8/29/2022. (Barrows, Jennifer) (Entered: 08/09/2022) |
|---|---|---|
| 08/09/2022 | 16 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 15 Notice of Appeal. (Paine, Matthew) (Entered: 08/09/2022) |
| 08/09/2022 | 17 | USCA Case Number 22-1627 for 15 Notice of Appeal, filed by Kevin Dela Kemeh. (Paine, Matthew) (Entered: 08/09/2022) |
| 08/16/2022 | 18 | Filing fee/payment: $ 505.00, receipt number 1BST090752 for 15 Notice of Appeal, (Phillips, Sophie) (Entered: 08/16/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/03/2022 14:20:43 | | |
| **PACER Login:** | AGOPacer17 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:22-cv-40022-TSH |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Exhibit 6

**In This Court Of Record At The United States District Court District of Massachusetts**

Kemeh, Kevin Dela

    Plaintiff,

Vs.

State of Massachusetts,
Massachusetts Registry Of Motor Vehicles,
Massachusetts Department Of Transportation,

    Defendants,

Case Number:

**NO TRIAL BY JURY** IN CLERKS OFFICE

MAR 11 '22 AM11:07 USDC MA

## AFFIDAVIT COMPLAINT

**PLAINTIFF BRINGS HIS COURT OF RECORD TO THIS COURT IN ACCORDANCE WITH THE COMMON LAW FOR A SPEEDY TRIAL BY JUDGE.**

**DIRECTIONS TO CLERK**: **Plaintiff wishes for any other judge or magistrate besides Timothy S. Hillman, very important, please and thank you.**

**Jurisdiction; Federal Question: 42 U.S. Code § 1983**
        25 U.S. Code § 5330 - Rescission of contract
        U.S.A. Constitutional torts: 5th amendment, 13 amendment, 9th amendment, etc

        Massachusetts Constitutional Torts

**Venue;** Kemeh, Kevin Dela, one of the people of Massachusetts, state.
    Property located in Massachusetts, state.
    Defendants, located in Massachusetts, state.

**Plaintiff**; Kemeh, Kevin Dela, one of the people of Massachusetts, state.
        **Address**: PO BOX 20649
            Worcester MA 01602
        **Contact**: 774-437-8178
        **Email**: kevindelakem@gmail.com

Plaintiff is not a Citizen of the United States.

**Defendant**: Massachusetts Registry Of Motor Vehicles
  **Address**: PO Box 55889
        Boston, Massachusetts 02205

**Defendant**: Massachusetts Department Of Transportation
  **Address**: 10 Park Plaza, Suite 4160,
        Boston, Massachusetts 02116

**Defendant**: State of Massachusetts
  **Address**: Massachusetts State House, 24 Beacon St.
        Office of the Governor, Room 280
        Boston, MA, 02133

### Statement Of Facts By Affidavit

Plaintiff has a fraudulent driver's permit [contract] with the State of Massachusetts. The [contract] has been present for about a year and a half now. Upon signing the driver's permit contract the agents of Massachusetts Registry of Motor Vehicles did not disclose the terms nor the conditions of the driver's permit contract to plaintiff, as such the driver's permit contract is fraudulent.

In the pursuit of happiness plaintiff does not wish for a driver's permit contract with the State. As so, plaintiff sent a rescission of signature letter to the Massachusetts Registry Of Motor Vehicles to rescind his fraudulent Driver's Permit contract. Plaintiff received the signature return receipt from Massachusetts Registry of Motor Vehicles, confirming they received the letter from plaintiff. Despite having received the letter from Plaintiff Massachusetts Registry Of Motor Vehicles did not rescind the driver's permit contract with Plaintiff.

Plaintiff sent another letter to Massachusetts Registry Of Motor Vehicles. Massachusetts Registry Of Motor Vehicles also received the second letter from plaintiff. However, they still refused to rescind the fraudulent Driver's Permit contract. Plaintiff now wants to rescind the contract with this lawsuit.

Upon Massachusetts and the United States constitution all men and women have the inalienable natural right to life, liberty and property. The right to contract and **uncontract** is unlimited. Plaintiff has been unwillingly **forced** to serve the obligations of the driver's permit contract for several months now.

**PREVIEW EXHIBIT A: JUDICIAL NOTICE TO DEFENDANTS AND THE COURT**

**CAUSE OF ACTION: 42 U.S. Code § 1983 - Civil action for deprivation of rights**

**STATEMENT OF CLAIM FOR RELIEF: The United States and Massachusetts constitution protect the life, liberty and property of all men and women, including the unlimited right to contract and uncontract. Plaintiff did not wish for a driver's permit. However, the State of Massachusetts held plaintiff in the driver's permit contract for several months. Plaintiff was forced to the obligations of the contract for over 8 months, depriving him of life and liberty. The State of Massachusetts must remedy and compensate for plaintiff.**

## SETTLEMENT

Plaintiff wishes for an order to rescind the driver's permit contract. For holding plaintiff in an unconscionable contract, depriving plaintiff of life and liberty, plaintiff demands **$4,900,000** to settle the matter.

**Notary as JURAT CERTIFICATE**

MaSSaChuSetts [State] }

Worcester [County] }

On this 10 day of March , 2022 before me,

Notary Public- Massachusetts

Kevin Kemeh proved to me based on satisfactory evidence to be the man whose name is subscribed to this instrument. Kemeh, Kevin Dela executed the same as the man, one of the people of Massachusetts, state, SUI JURIS DE JURE and upon his AUTOGRAPH this AFFIDAVIT shall stand as TRUTH and EVIDENCE forevermore.

I VERIFY UNDER PENALTY OF PERJURY under the lawful laws of Massachusetts and under the laws of the United States of America that this document is true and correct to my knowledge

**Kevin Dela Kemeh**

**Autograph of Jurat**

SHUBHAM GARG
Notary Public
Commonwealth of Massachusetts
My Commission Expires
June 23, 2028

## EXHIBIT A: JUDICIAL NOTICE TO DEFENDANTS AND THE COURT

"Fraud destroys the validity of every thing into which it enters. It affects fatally even the most solemn judgments and decrees". Plaintiff's driver's permit contract with the State of Massachusetts is fraudulent, the contract is null and void, it must be rescinded.

 | *Nudd v. Burrows (1875), 91 US 426, 23 Led 286.* |

Defendants: State of Massachusetts, Massachusetts Registry of Motor Vehicles, and Massachusetts Department Of Transportation are being sued for constitutional torts under 42 U.S. Code § 1983. All defendant's claims of sovereign immunity and the eleventh amendment protection are **officially rebutted**. Defendants will be held liable to all claims and damages. "A municipality has no immunity from liability under § 1983 flowing from its constitutional violations, and may not assert the good faith of its officers as a defense to such liability"

| **Owen v. City of Independence, 445 U.S. 622 (1980)** |

### VERIFICATION

Executed: Worcester, Massachusetts on ___March 9, 2022___ by Kemeh, Kevin Dela, the man subscribed within the instrument and that by his autograph on the instrument the man executed, the instrument and all claims and rights asserted or not by the man stands as truth and EVIDENCE forevermore.

I VERIFY UNDER PENALTY OF PERJURY under the lawful laws of Massachusetts, state, and under the lawful laws of the De Jure United States of America that this document is true and correct to my knowledge.

_____
**Kevin Dela Kemeh**

# "Notice Of Claim to Defendant's Attorney"

**Lawsuits are not a game: lifes, jobs and money are on the line. It is not a place for attorneys to gaslight, lie nor make unlawful statements on the record. Massachusetts Rules Of Professional Conduct govern the behavior of litigating attorneys. This instrument serves as a notice of claim to the attorney representing defendants; The attorney must abide by the rules of professional conduct at all times; $10,000 dollar fine and a federal lawsuit for every rule that is broken.**

## VERIFICATION

Executed: Worcester, Massachusetts on ___March 9, 2022___ by Kemeh, Kevin Dela, the man subscribed within the instrument and that by his autograph on the instrument the man executed, the instrument and all claims and rights asserted or not by the man stands as truth and EVIDENCE forevermore.

I VERIFY UNDER PENALTY OF PERJURY under the lawful laws of Massachusetts, state, and under the lawful laws of the De Jure United States of America that this document is true and correct to my knowledge.

_____

**Kevin Dela Kemeh**

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kemeh, Kevin Dela

**(b)** County of Residence of First Listed Plaintiff _____U.S.A_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

State of Massachusetts
Massachusetts Registry of Motor Vehicles
Massachusetts Department of Trasportation

County of Residence of First Listed Defendant _____U.S.A_____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Mark P. Sutliff
Maura Healey

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question (U.S. Government Not a Party)
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
United States Constitutional torts: 5th, 9th and 13th amendment violation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 4,900,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   3/9/2022   [signature]

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only) _Kemeh, Kevin Dela vs. State of Massachusetts_

    _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ☐    I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑    II.    110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    ☐    III.    120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

                *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☑    NO ☐

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

    YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☑

7.  Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☑    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐        Central Division ☑        Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☐        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Kevin Dela Kemeh, pro se_

ADDRESS _PO BOX 20649, Worcester MA, 01602_

TELEPHONE NO. _774-437-8178,   Email: kevindelakem@gmail.com_

**(CategoryForm11-2020.wpd )**

Exhibit 7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ————————————————————<br>)<br>KEVIN DELA KEMAH,<br>         Plaintiff,<br>)<br>v.<br>)<br>MASSACHUSETTS REGISTRY OF MOTOR<br>VEHICLES,<br>         Defendant.<br>————————————————————) | CIVIL ACTION<br>NO. 22-40022-TSH |

| | |
|---|---|
| ————————————————————<br>)<br>KEVIN DELA KEMEH,<br>         Plaintiff,<br>)<br>v.<br>)<br>JASON SILVESTRI, BRIAN FLUERY,<br>JACOB MOISIO, WILLIAM RECOS,<br>LARRY FLOWERS, and<br>DAVID LITCHFIELD,<br>         Defendants.<br>————————————————————) | CIVIL ACTION<br>NO. 22-40023-TSH |

## MEMORANDUM OF DECISION AND ORDER
### July 29, 2022

**HILLMAN, D.J.**

### Background

#### The Police Department Defendants

Kevin Dela Kemeh ("Kemeh" or "Plaintiff") has filed a complaint[1] against Jacob

Silvestri ("Silvestri"), Brian Fluery ("Fluery"), Jacob Moisio ("Moisio"), William Recos

---

[1] As will be set forth in more detail in this Memorandum of Decision and Order, Kemeh has filed multiple complaints against the defendants named in these suits, all which are vague and confusing. Kemeh's pro se status

("Recos"), Larry Flowers ("Flowers") and David Litchfield ("Litchfield") alleging claims for violation of his civil rights for trespassing on his life, liberty and property, false imprisonment, destroying his property and conspiracy to violate his civil rights. More specifically, Kemeh alleges that these individuals, who are members of the Paxton Police Department ("Paxton PD") or the Quinsigamond Community College Police Department ("QCC PD"), on multiple occasions violated his constitutional rights and conspired to violates his constitutional rights by arresting and falsely imprisoning him without probable cause; searching and seizing his automobile without probable cause or a warrant; destroying his property (his license plate); and/or wrongly seizing his passport card and failing to return it.

These allegations mirror the claims he had previously brought against these individuals in multiple other complaints he has filed against members of these police departments. More specifically, Kemeh previously filed an amended complaint against Silvestri, Fluery, Mark Savasta, the Paxton Police Department and unknown members of the Paxton Police Department. *See Kemeh v. Silvestri, et al.*, Civ. Act. No. 21-40098-TSH ("Silvestri 1"). In response to a motion to dismiss, Kemeh filed a rebuttal motion to dismiss, a mandatory judicial notice seeking entry of final judgment in his favor, and a motion for summary judgment. Thereafter, he voluntarily dismissed the case. He then filed a new complaint asserting essentially the same allegations against Silvestri, Fluery, Moiso and Recos. *See Kemeh v. Silvestri et al.*, Civ. Act. No. 21-40136 ("Silvestri 2"). In that case, Kemeh filed a motion for summary judgment before

---

"militates in favor of a liberal reading" of his pleading. *See Rodi v. S.New Eng. Sch. of Law,* 389 F.3d 5, 13 (1st Cir.2004). *See also Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997) ("The policy behind affording pro se plaintiff's liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled"). However, Kemeh's *pro se* status does not absolve him of having to comply with this Court's rules of procedure.

defendants had an opportunity to file a responsive pleading. After defendants filed a motion to dismiss, Kemeh filed a motion demanding entry of judgment in his favor followed by a second motion for summary judgment, a demand for summary judgment and, ultimately, a voluntary dismissal.

Similarly, Kemeh filed an amended complaint against Flowers, Litchfield, the QCC PD, Chief of Police Kevin Ritacco and unknow members of the QCC PD. *See Kemeh v. Flowers et al.*, Civ. Act. No. 21-40102-TSH ("Flowers 1"). Once again, the Defendants filed a motion to dismiss to which Kemeh responded with a motion seeking entry of judgment in his favor, a motion for summary judgment and then a voluntary dismissal. Kemeh then filed a second complaint filed against Flowers and Litchfield. *See Kemeh v. Flowers et al.*, Civ. Act. No. 21-40134-TSH ("Flowers 2"). Kemeh did not give the defendants an opportunity to file a responsive pleading before filing two motions for summary judgment, and multiple motions demanding entry of judgment in his favor. He then voluntarily dismissed the case after the defendants filed a motion to dismiss.

Kemeh has now brought a combined complaint alleging substantially the same claims against these defendants which he alleged in Silvestri 1 & 2, and Flowers 1 & 2. After reviewing the complaint, this Court ordered Kemeh to show cause as to why the complaint should not be dismissed as frivolous and vexatious. The Court informed the defendants that they were not required to file a responsive pleading until it had reviewed Kemeh's response and determined whether his claims should go forward. Kemeh filed a response and, thereafter, filed a request for decision, and then a demand for a decision. *See* Docket Nos. 10 and 11. In light of Kemeh's demand for a ruling, the Court will address his Demand For Summary Judgment (Docket No. 3).

For the reasons set forth below, that motion is *denied,* and judgment shall enter for the defendants.

<u>The Massachusetts Registry of Motor Vehicles</u>

Kemeh has filed a complaint against the State of Massachusetts ("Commonwealth" or "Massachusetts") and the Massachusetts Registry of Motor Vehicles ("RMV") alleging claims for violation of his civil rights as the result of his being required to obtain a driving learner's permit and then refusing to cancel the "contract" for the same. Kemeh has also filed multiple complaints against the Commonwealth and/or RMV alleging similar claims (alleging that the RMV unlawfully required him to have a license/permit and register his motor vehicle) which follow the same script previously described, *i.e.*, he filed suit, demanded entry of judgment and filed premature motions for summary judgment before voluntarily dismissing the cases. *See Kemeh v. Massachusetts Registry of Motor Vehicles*, Civ.Act.No. 21-40103-TSH and *Kemeh v. Massachusetts Registry of Motor Vehicles*, Civ.Act.No. 21-40135-TSH.

After reviewing the latest complaint, this Court ordered Kemeh to show cause as to why the complaint should not be dismissed as frivolous and vexatious. The Court informed the defendants that they were not required to file a responsive pleading until it had reviewed Kemeh's response and determined whether his claims should go forward. Kemeh filed a response and, thereafter, filed a request for decision, and then a demand for a decision. *See* Docket Nos. 10 and 11. In light of Kemeh's demand for a ruling, the Court will address his Demand For Summary Judgment (Docket No. 5). For the reasons set forth below, the motion is *denied,* and judgment shall enter for the defendants.

4

## Facts

The essential facts are that Kemeh has been repeatedly stopped by members of the Paxton PD and/or QCC PD while driving his automobile in their respective jurisdictions. Kemeh was at all times engaged in private business, that is, he was not at the time engaged in any commercial activity and has never used his automobile for commercial purposes. Kemeh believes that an individual operating a private vehicle for non-commercial purposes is not legally obligated to register his vehicle, insure that vehicle or have a license to drive a motor vehicle in Massachusetts. Kemeh's car has seized and subjected to a search, and he has been arrested. Among the property which was seized from him at the time of his arrest was a passport card. Kemeh has been charged with driving without a license, driving an unregistered motor vehicle, and driving without insurance. Although most of his property was returned to him, he cannot find his passport card. Additionally, the "plate" on his private automobile was missing or destroyed.

Kemeh obtained a learner's permit from the RMV and is required to obtain a license. Kemeh has repeatedly informed the RMV that he no longer wishes to have a learner's permit and wants to cancel his "contract" with the RMV for the same. He claims that the RMV did not disclose the terms and conditions of the permit to him and therefore, it is a fraudulent document and the RMV's refusal to cancel the permit has deprived him of life, liberty and the pursuit of happiness in violation of the United States Constitution.

## Standard of Review

Summary Judgment is appropriate where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1ˢᵗ Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "'A "genuine" issue is one that could be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case.'" *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 152 (1ˢᵗ Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't. of Justice*, 355 F.3d 6, 19 (1ˢᵗ Cir. 2004)).

When considering a motion for summary judgment, the Court construes the record in the light most favorable to the nonmoving party and makes all reasonable inferences in favor thereof. *Sensing,* 575 F.3d at 153. The moving party bears the burden to demonstrate the absence of a genuine issue of material fact within the record. *Id.,* at 152. Finally, a court may enter summary judgment in favor of the *nonmoving party* pursuant to Federal Rule of Civil Procedure 56(f)(1) if that party is entitled to judgment as a matter of law and "the losing party [is] on notice that she had to come forward with all of her evidence." *Rogers v. Mgmt. Tech., Inc.*, 123 F.3d 34, 38 (1ˢᵗ Cir. 1997) (quotation marks omitted).[2]

### Discussion

In order to state a claim under Section 1983, Kemeh must establish that a person acting under the color of law denied him a right secured by the constitution or by federal law. 42 U.S.C. § 1983. Kemeh has alleged claims under Section 1983 against members of the Paxton PD and QCC PD for violation of his constitutional rights to be free from illegal seizure of his person and property and for illegal retention and/or destruction of his property. He has alleged claims against the Commonwealth and RMV for violating his constutional right to life, liberty and the

---

[2] Given the posture of these cases and Kemeh's "demand" that the Court address his motions for summary judgment, he had adequate notice that judgment could be entered against him.

pursuit of happiness (as the restult of the RMV's failure to cancel his learner's permit "contract").

Kemeh's claims against all Defendants in these cases are based on a fundamental misunderstanding or deliberate refusal to recognize Massachusetts law regarding the *privilege* of driving a motor vehicle on public ways. More specifically, it is clear from his submissions in these cases that Kemeh is taking the position that he is not required to have a valid driver's license to operate a "private" motor vehicle in the Commonwealth (and elsewhere) and is not required to register or insure his "private" motor vehicle. Kemeh is incorrect as all are requirements for driving any motor vehicle, including a "private" vehicle, on a public way in Massachusetts. *See* Mass.Gen.L., ch. 90, §§ 9, 10, 34(J). Failure to comply with these laws is a criminal offense. Moreover, under Massachusetts law, all private motor vehicles are required to have a vehicle identification number. *See* Mass. Gen. L., ch. 90, §§2-5, 7(R).   Accordingly, The alleged actions taken by the Defendant police officers of impounding his vehicle, confiscating and destroying his license plates (which were not official plates), and arresting him were lawful under the circumstances. Additionally, he himself has admitted that his allegation that one of the Defendants destroyed his passport card is mere supposition. Finally, the factual assertions made against the RMV and the Commonwealth simply do not state any kind of legal claim for violation of constitutional rights or otherwise.[3]

---

[3] Additionally, at least to the extent that Kemeh may seek monetary damages, the Commonwealth and RMV are not "persons" subject to suit under the Section 1983, and, in any event, are not subject to suit in this Court pursuant to the Eleventh Amendment.

On the record before me, even assuming the facts in favor of Kemeh, his motions for summary judgment must be denied and because there is no genuine issue of material fact and it is clear as a matter of law that he has no legal claims against any Defendants, summary judgment shall enter for the Defendants in these cases.[4]

## <u>Conclusion</u>

1. The Demand For Summary Judgment (Docket No. 5) in Civ.Act.No. 22-40022-TSH is ***denied***. Summary Judgment shall enter for the Defendants.

2. The Demand for Summary Judgment (Docket No. 3) in Civ.Act.No. 22-40023-TSH is ***denied***. Summary Judgment shall enter for Defendants.

*/s/ **Timothy S. Hillman***

TIMOTHY S. HILLMAN

DISTRICT JUDGE

---

[4] The Court notes some of the observations made in this opinion are collateral to the issues before it, however, they have been addressed only because of the concern that given Kemeh's apparent misunderstanding of the legal requirements for driving a motor vehicle in this Commonwealth (and generally in this country), he may subject himself to future traffic stops and arrests. Kemeh is advised to seek counsel regarding such legal requirements before continuing to drive a motor vehicle. Moreover, Kemeh is now on notice (if he wasn't before) that any future suit filed against any individual or entity based on his abject misinterpretation regarding the law applying to operation of motor vehicles will be reviewed to determine whether such suit is frivolous and/or vexatious. If the Court determines that such suit is frivolous or vexatious, Kemeh will be subject to summary dismissal of the complaint and/or monetary sanctions.